**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Norman Noble, Inc.,** | **CASE NO. 1:17 CV 1384** |
| Plaintiff, | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | |
| **Cleaning Technologies Group, LLC,** | **Memorandum of Opinion and Order** |
| Defendant. | |

Now pending before the Court is Plaintiff Norman Noble, Inc.'s Brief Regarding Jurisdiction and Motion to Substitute Federal Insurance Company as Plaintiff. (Doc. 27). For the following reasons, the motion is DENIED.

**BACKGROUND**

This is a property damage action originally filed by Norman Noble, Inc. against Blackstone Ultrasonics, Inc. Norman Noble alleges that it suffered $3,7724,516.74 in damages as a result of a fire that occurred in one of the polypropylene tanks of its Aquarius ("AQ") Automated Ultrasonic Cleaning System at its facility on July 4, 2015. Norman Noble purchased the AQ system from Cleaning Technologies Group, LLC ("CTG"). Norman Noble submitted a claim to its insurer and was fully compensated for the property damage arising out of the fire,

except for a $100,000 deductible.

Norman Noble filed this case on June 29, 2017, alleging diversity jurisdiction. Norman Noble is an Ohio corporation with its principal place of business in Highland Heights, Ohio. It alleged that Blackstone Ultrasonics, Inc. is a New York corporation with its principal place of business in Jamestown, New York. In its complaint, Norman Noble seeks the entire amount of its loss, including the deductible. (*See* Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J., Doc. 19, at 11) ("Plaintiff claimed the total amount sustained in damages of $3,724,516.74 under the policy.") (citing Compl. ¶ 13)).

On August 20, 2018, this Court substituted CTG as the proper defendant because Blackstone Ultrasonics, Inc., was dissolved in 1999.[1] Because it appeared that the substitution of CTG as defendant might destroy diversity, the Court ordered the parties to brief the issue of whether the Court continues to have subject matter jurisdiction over this case now that CTG is the defendant.

In its brief regarding jurisdiction, Norman Noble acknowledges that CTG has its principal place of business in Ohio, and as such, "if the parties remain as is, the Court lacks diversity jurisdiction." (Doc. 27, at 1). In an effort to preserve jurisdiction, it asks that the Court substitute its insurance company, Federal Insurance Company ("Federal"), as the sole plaintiff. Federal is incorporated in Indiana and has a principal place of business in New Jersey. Federal has not filed a brief or any document indicating that it is willing to be substituted as plaintiff . In its response to Norman Noble's brief, CTG does not dispute that diversity is lacking now that

---

[1] CTG has been litigating this case throughout. It filed an answer to the complaint, conducted discovery, and filed a motion for summary judgment.

CTG has been substituted as the defendant. If the Court substitutes Federal as the sole plaintiff, it asks for a reasonable period of time to conduct additional discovery.

**LAW AND ANALYSIS**

Diversity jurisdiction exists over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity must exist between the parties, *i.e.,* diversity jurisdiction exists only if there is no plaintiff and no defendant who are citizens of the same State. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829, 109 S. Ct. 2218, 2221 (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806)).

In asking the Court to substitute Federal as the sole plaintiff, Norman Noble argues that, "in a subrogation matter where the insurer has paid all of the damages except the small deductible, as is the case here, the real party in interest is the subrogee." (*Id.* at 2). Indeed, it argues that the insurer is the *only* real party in interest in this situation. (*Id.* at 2, n.1). This is directly contrary to the argument that it made in its brief in opposition to CTG's motion for summary judgment where it argued that, because of the deductible, it is a real party in interest:

> Both the United States Supreme Court and the Ohio Supreme Court have long held that if an insurer has paid only part of its insured's claim, the insured remains a real party in interest. Here, Defendant recognizes in its own Motion for Summary Judgment that Norman Noble seeks to recover its $100,000 deductible that was not reimbursed by Federal. These unreimbursed damages make Federal a partially subrogated insurer and validate Norman Noble's position as a real party in interest under Rule 17.

(Doc.19, at 11) (citing *Cmty. Ins. Co. v. Ohio Dep't of Transp.*, 2001-Ohio-208, 92 Ohio St. 3d 376, 380 (2001); *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81, 70 S. Ct. 207 (1949)).

A real party in interest is "one who is directly benefitted or injured by the outcome of the case." *Community Ins. Co. v. Ohio Dept. of Transp.,* 92 Ohio St.3d 376, 750 N.E.2d 573, 577 (2001) (citations omitted). As Norman Noble recognized in its brief in opposition to CTG's motion for summary judgment, the law in both this circuit and Ohio is that, in cases of partial subrogation, the insured is the real party in interest with respect to its deductible while the insurer is the real party in interest with respect to the amounts that it paid to the insured under the policy:

> [W]e have held that when the plaintiff insured admits that *the insurer has paid all of the damages,* except for the insured's contractually required deductible, and that the insurer is subrogated to the insured's rights, the trial court properly limits the insured's recovery to the amount of the deductible. *Ward v. Tea* (June 13, 1989), 10th Dist. No. 88AP–1147, 1989 WL 65410. In such a case, the "'insurer may prosecute a separate action against the party causing such injury to the extent of the amount paid under [the insurance policy].'" Id., quoting *Hoosier Cas. Co. v. Davis* (1961), 172 Ohio St. 5, 15 O.O.2d 45, 173 N.E.2d 349, paragraph two of the syllabus; see also *Cleveland Paint,* 155 Ohio St. at 25, 44 O.O. 59, 97 N.E.2d 545.
>
> In other words, the insured is the sole real party in interest with respect to its deductible or, in this case, its SIR, while the insurer is the sole real party in interest with respect to the amounts it paid pursuant to its contract with the insured. Thus, these parties may prosecute separate actions or a single action as coplaintiffs, but in either case, each is the sole real party in interest with respect to the claim for damages that it alone incurred.

*Ohio Cent. RR. Sys. v. Mason Law Firm Co., L.P.A.*, 182 Ohio App. 3d 814, 823–24, 915 N.E.2d 397, 404–05 (2009); *Exec. Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514 (6th Cir. 1974) (holding that in the case of a partial subrogation, both the insurer and the insured are real parties in interest).

To determine if diversity jurisdiction exists, "when there has been a partial subrogation *and* when the full amount of loss (both insured and uninsured) is sought from the defendant, a

4

court properly examines the citizenship of both the insurer and the insured." *Federal Ins. Co. v. Benchmark Bank*, No. 2:17 CV 135, 2018 WL 527285 (S.D. Ohio Jan. 24, 2018). Here, the Court will not substitute Federal as the sole plaintiff because Federal has not participated in this litigation and there is no indication in the record that Federal even wants to be substituted as the plaintiff. But even if the Court were to substitute Federal as the plaintiff, it would still have to consider the citizenship of Norman Noble because the complaint seeks the full amount of Norman Noble's damages, including the $100,000 deductible. Thus, Norman Noble remains a real party in interest with respect to that amount. (*See also* Lowry Dec. ¶¶ 3-5, 7) (stating that Norman Noble's deductible represents the damages that it has suffered as a result of the fire and that Norman Noble "ratifies that it will be bound by whatever verdict or decision is entered in th[e] litigation" if Federal is substituted as plaintiff). As an Ohio citizen, Norman Noble is not diverse from CTG.

**CONCLUSION**

For the foregoing reasons, Norman Noble's Motion to Substitute Federal Insurance Company as Plaintiff (Doc. 27) is DENIED. Because there is no dispute that diversity does not exist between Norman Noble and CTG, complete diversity does not exist between the parties. Thus, this Court does not have subject matter jurisdiction over this action. This case is, therefore, dismissed.

IT IS SO ORDERED.

                                                      /s/ Patricia A. Gaughan
                                                      PATRICIA A. GAUGHAN
                                                      United States District Court
Dated: 8/23/18                         Chief Judge